UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Khamphiane Khounthy**, <br><br> Petitioner, <br><br> vs. <br><br> **Antone Moniz**, Superintendent, Plymouth County Correctional Facility; <br> **Patricia Hyde**, Acting Field Office Director, Boston, U.S Immigration and Customs Enforcement; <br> **Todd Lyons**, Acting Director, U.S. Immigration and Customs Enforcement; <br> **Kristi Noem**, Secretary, U.S. Department of Homeland Security | ) <br> ) **Case No: 1:25-cv-11436** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION FOR WRIT OF HABEAS CORPUS

1. By this Petition for writ of habeas Corpus, Khamphiane Khounthy challenges his unlawful detention by Immigration and Customs enforcement (ICE).

*JURISDICTION & VENUE*

2. The U.S. District Court for the District of Massachusetts has jurisdiction to adjudicate the present Petition pursuant to Sections 2241 and 1331 of United States Code Title 28.

3. The U.S. District Court for the District of Massachusetts is the proper venue to hear Mr. Khounthy's petition because Mr. Khounthy is either presently being detained at the Plymouth County Correctional Facility within the Commonwealth of Massachusetts or is being detained by Respondents at an unknown location and the last known location of detention was Plymouth County Correctional Facility within the Commonwealth of Massachusetts.

*PARTIES*

4. Khamphiane Khounthy is either presently detained by Respondent Antone Moniz, the Superintendent of the Plymouth County Correctional Facility, at the direction of ICE, or is being detained by ICE at an unknown location.

5. Respondent Antone Moniz is the Superintendent of, and thus has day-to-day control over, the Plymouth County Correctional Facility, the facility in which, according to ICE, ICE is presently housing Mr. Khounthy and is being sued in his official capacity as Superintendent.

6. Respondent Patricia Hyde is the Acting Field Office Director for U.S. Immigration and Customs Enforcement Boston Field Office. She directs the detention of individuals in ICE custody in New England. She is being sued in her official capacity.

7. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement. He supervises all ICE field offices, including the Boston Field Office. He is being sued in his official capacity.

8. Respondent Kristi Noem is the U.S. Secretary of Homeland Security. She supervises U.S. Immigration and Customs Enforcement. She is being sued in her official capacity.

9. One or more of the respondents is Mr. Khounthy's immediate custodian.

*FACTS*

10. Petitioner Khamphiane Khounthy has been detained by Immigration and Customs Enforcement (ICE) since approximately April 28, 2025.

11. Mr. Khounthy came to the United States in approximately 1980 as a refugee from a Thai refugee camp and obtained long-term resident status in the United States.

12. In 2012, Mr. Khounthy was ordered removed because of criminal conduct.

13. ICE was unable to execute Mr. Khounthy's order of removal at the time, so they allowed him to remain in the United States under an order of supervision.

14. On April 28, 2025, Mr. Khounthy attended a regular check-in with ICE pursuant to his order of supervision.

15. At that check-in, Mr. Khounthy was detained.

16. Mr. Khounthy was not given a reason for the detention.

17. Mr. Khounthy has not been given notice of which, if any, country ICE is attempting to effectuate his removal to at the present time.

18. ICE's Online Detainee Locator System lists Mr. Khounthy's country of origin as Laos.

19. At the time of the issuance of the removal order, Laos did not have a repatriation agreement with the United States.

20. ICE has provided no information to suggest that circumstances have changed such that ICE could now effectuate Mr. Khounthy's removal to Laos or to any other country.

21. Mr. Khounthy fears he will be imprisoned and tortured if he is removed to El Salvador, Libya, or any other country that the United States has entered into an agreement with to accept deportees whom the Unites States government cannot repatriate.

22. On May 20, 2025, Mr. Khounthy's counsel called Plymouth County Correctional Facility to inquire if Mr. Khounthy was still in custody at their facility.

23. The employee told Mr. Khounthy's counsel that Mr. Khounthy had been transferred out of their custody by ICE around midnight on the night of May 19 to May 20.

24. The ICE Online Detainee Locator System currently lists Mr. Khounthy as being detained at Plymouth County Correctional Facility.

25. On May 20, 2025, Mr. Khounthy's counsel called ICE and was informed by an officer Salvato that Mr. Khounthy was listed as being detained at Plymouth County Correctional Facility.

26. Mr. Khounthy is either presently detained at Plymouth County Correctional Facility at the direction of ICE or is being detained by ICE at an unknown location.

27. The declaration of Khamphiane Khounthy, sworn under penalty of perjury, is attached to this Petition as **Exhibit 1** and the allegations therein are incorporated hereto by reference – in satisfaction of the requirements of United States Code Title 28, Sections 2242 and 1746.

28. The declaration of Claire Maguire, sworn under penalty of perjury, is attached to this Petition as **Exhibit 2.**

*FIRST CAUSE OF ACTION – UNLAWFUL DETENTION*
*IN VIOLATION OF U.S. CONSTITUTION, FIFTH AMENDMENT*

29. Mr. Khounthy incorporates paragraphs 1 through 28 above as if fully restated below.

30. Mr. Khounthy is currently in the custody of one or more of Respondents under or by color of the authority of the United States – that is, detained either in the Plymouth County Correction Facility at the direction of ICE or detained ICE at an unknown location.

31. Mr. Khounthy was ordered removed in 2012, and since then ICE has not been able to effectuate his removal.

32. Mr. Khounthy is being detained when there is no reason to believe ICE could lawfully effectuate his removal now.

33. Mr. Khounthy has not been given notice of removal to a third country as required by the Preliminary Injunction issued in *D.V.D. v. Department of Homeland Security*, 25-10676-BEM.

34. The only constitutional reason to detain Mr. Khounthy would be to effectuate his imminent removal, and there is no reason to believe ICE could lawfully effectuate his removal now.

35. ICE has no constitutionally permissible basis for depriving Mr. Khounthy of his liberty.

36. ICE is detaining Mr. Khounthy in violation of the Substantive Due Process guarantee of the Fifth Amendment to the United States Constitution.

37. A judicial order requiring Mr. Khounthy's release from such custody would effectively redress Respondents' unlawful conduct.

### *PRAYER FOR RELIEF*

Wherefore, Mr. Khounthy respectfully requests that the Court:

A. Order Respondent to release Mr. Khounthy immediately;

B. Award to Mr. Khounthy his reasonable litigation costs and attorney's fees pursuant to the Equal Access to Justice Act; and

C. Grant such other further relief that is deemed just and proper by the Court.

Respectfully submitted,

KHAMPHIANE KHOUNTHY,

By his attorney,

*/s/ Claire Maguire*

                                    Claire Maguire
BBO # 709426
Northeast Justice Center
181 Union Street
Suite 201B
Lynn, MA 01901
(978) 888-0661
cmaguire@njc-ma.org

Dated: May 20, 2025