# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Khamphiane Khounthy,<br><br>        Petitioner,<br><br>        v.<br><br>Antone Moniz, Field Office Director Patricia Hyde, Acting Director Todd Lyons, and Secretary of DHS Kristi Noem<br><br>        Respondents. | Civil Action No. 1:25-cv-11436-FDS |

## RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submits this opposition to Khamphiane Khounthy's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). Doc. No. 1. Respondent responds to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases and in accordance with the Court's Service Order.[1]

Petitioner also provides notice of its intent to effectuate Petitioner's final order of removal and remove Petitioner from the United States to Laos as soon as **May 25, 2025** and asks this Court to immediately vacate its Order enjoining ICE from removing Petitioner from the United States. *See* Declaration of Assistant Field Office Director, Keith Chan ¶ 7, attached as

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition…"); *Vieira v. Moniz*, No. CV 19-12577-PBS, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020) (evaluating the Government's response to habeas petition under Section 2254 Rules).

Exhibit A.

Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE") for purpose of effectuating his final order of removal is fully supported by the Immigration and Nationality Act ("INA") and the Constitution.  Petitioner asserts that the "only constitutional reason to detain Mr. Khounthy would be to effectuate his imminent removal" (Doc. No. 1, ¶ 34). ICE's detention of Petitioner is indeed for purpose of effectuating his imminent removal as ICE has scheduled Petitioner for removal to Laos in the immediate future.  Exh. A, ¶ 7.

Dismissal of this Petition is also required because this Court lacks jurisdiction to interfere with ICE's removal of Petitioner to Laos per 8 U.S.C. § 1252(g) which bars district court review of any "decision or action by [ICE] to … execute removal orders."  *Compere v. Riordan,* 368 F. Supp. 3d 164, 171 (D. Mass. 2019) (Explaining that because petitioner is "subject to a final order of removal and he seeks to enjoin ICE from enforcing that order … [h]is claim for injunctive relief falls, therefore, directly within the jurisdictional bar set by Congress.").

Finally, this Court lacks jurisdiction over the Petition because Petitioner was not in the District of Massachusetts when it was filed on the evening of May 20 as he had departed Massachusetts on a flight to Texas at 12:45 PM on May 20.  Exh. A. ¶ 6; *Tham v. Adducci*, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (Holding that "jurisdiction lies in only one district: the district of confinement."); *Hernandez v. Lyons*, 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

For these reasons, this Court must dismiss this Petition expeditiously and lift its stay of removal order so ICE can effectuate Petitioner's final order of removal.

## BACKGROUND

Petitioner's country of origin is Laos. Doc. No. 1, ¶ 18.  Petitioner was ordered removed in 2012 "because of his criminal conduct" but ICE was unable to effectuate his removal to Laos at that time and he was released pursuant to an Order of Supervision.  *Id.*, ¶¶ 12-13.  Petitioner was arrested by ICE Boston on April 28, 2025 to effectuate his final order of removal and is therefore detained pursuant to 8 U.S.C. § 1231.  Exh. A, ¶ 5.  Contrary to Petitioner's claims, ICE does not intend to remove Petitioner to a third country and instead has manifested Petitioner on a flight to Laos.  *Id.*, ¶ 7.  To effectuate this removal, ICE transferred Petitioner to Texas on a flight that departed Massachusetts at 12:45 PM on May 20.  *Id.*, ¶ 6.  Petitioner is currently detained at the Port Isabel Detention Center in preparation for removal which is scheduled for the imminent future. *Id.*, ¶ 7.

## ARGUMENT

ICE's detention of Petitioner is authorized by statute and does not offend the Constitution.  Additionally, this Court lacks jurisdiction to interfere with ICE's effectuation of Petitioner's removal order.  Finally, the Court lacks jurisdiction over the Petition because Petitioner was not in Massachusetts when it was filed with this Court.  As such, this Court must deny the Petition.

### A. Petitioner is Lawfully Detained Pursuant to 8 U.S.C. § 1231

ICE's detention authority stems from 8 U.S.C. § 1231 which provides for the detention and removal of aliens with final orders of removal.   Section 1231(a)(1)(A) directs immigration authorities to remove an individual with a final order of removal within a period of 90 days—this is known as the "removal period."  During the removal period, § 1231(a)(2) commands that ICE "shall detain" the final order alien.  If, however, the removal period has expired, ICE can either

release an individual pursuant to an Order of Supervision as directed by Section 1231(a)(3) or may continue detention under Section 1231(a)(6). Per Section 1231(a)(6), ICE may continue detention beyond the removal period for three categories of individuals:

- Those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182;

- Those who are subject to certain grounds of removability from the United States pursuant to 8 U.S.C. § 1227; or

- Those whom immigration authorities have determined to be a risk to the community or "unlikely to comply with the order of removal."

Because Petitioner's prior order of removal was final in 2012, Petitioner is now outside of the 90-day removal period during which the government "shall detain" the individual. 8 U.S.C. § 1231(a)(2). However, 8 U.S.C. § 1231(a)(6) allows ICE to detain Petitioner because he is removable on account of his criminal record per 8 U.S.C. § 1227. As such, ICE has statutory authority to detain Petitioner to effectuate his removal order from the United States and he is not entitled to release as Section 1231(a)(6) does not contemplate such process.

**B. Petitioner's Detention and Imminent Removal is Constitutional.**

Petitioner's claim that his detention violates the Constitution is without merit as ICE's detention is necessary to effectuate his imminent removal from the United States to Laos.

Petitioner acknowledges that he was ordered removed in 2012 and claims that "there is no reason to believe ICE could lawfully effectuate his removal now." Doc. No. 1, ¶¶ 31-32. He also raises concern regarding a removal from the United States to a third country to which he has not had a chance to claim a fear of return to. *Id.*, ¶ 33. Petitioner's concerns, however, are misplaced as ICE is prepared to remove him to Laos, his country of origin to which he was ordered removed. Exh. A, ¶ 7.

A prior release pursuant to an Order of Supervision does not provide Petitioner with a constitutional basis not to be arrested again in the future if ICE determines effectuation of his

removal order is possible. *See Ferrari v. Wilcox*, No. C19-385-RSM-BAT, 2019 WL 13209736, at *5 (W.D. Wash. Sept. 24, 2019) (Explaining that because ICE had "obtained a travel document[] and scheduled his removal, ICE properly revoked [petitioner's] release …."). As explained by another session of this Court, if "the government in granting discretionary relief to an alien foreswears its ability to later detain an alien as part of the removal mechanism, then the government would have every incentive to abstain from any favorable exercise of discretion." *Rodriguez-Guardado,* 271 F. Supp. 3d at 335. Stated similarly, a prior order of release on account of the lack of ability to remove an alien "did not amount to a permanent injunction against future detention." *Hango v. U.S. Att'y Gen.*, No. 3:05-CV-2196, 2019 WL 1301981, at *2 (W.D. La. Mar. 21, 2019).

Additionally, ICE has manifested Petitioner on a removal flight to Laos, the country to which he was ordered removed in 2012. Exh. A, ¶ 7. Petitioner acknowledges that his detention would be constitutionally permissible if it was necessary "to effectuate his imminent removal" and this is indeed the case here. Further, Petitioner's due process concern regarding possible removal to a third-country other than what was designated on his removal order (Laos) is misplaced because ICE intends to remove Petitioner to Laos. *Id.* As such, Petitioner's due process challenge to his current detention fails.

The Supreme Court set forth a framework for analyzing the Constitutionality of post-final order detention under Section 1231(a)(6) in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In *Zadvydas*, the Supreme Court explained that the "reasonableness" of continued detention under Section 1231(a)(6) should be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." 533 U.S. at 700. The Court held that post-final order detention under Section 1231 is presumptively reasonable for six

months. *Id.* at 701. Petitioner's Due Process challenge to his detention fails because it is premature as he has only been detained for approximately one month. *See Rodriguez-Guardado v. Smith,* 271 F. Supp. 3d 331, 335 (D. Mass. 2017) ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process.").

Petitioner's due process claim also fails because any *Zadvydas* challenge cannot be raised until Petitioner has been detained for six-months in post-final order custody and he has been detained for less than one month. *See Rodriguez-Guardado,* 271 F. Supp. 3d at 335 ("As petitioner has been detained for approximately two months as of this date, the length of his detention does not offend due process."); *Julce v. Smith*, No. CV 18-10163-FDS, 2018 WL 1083734, at *5 (D. Mass. Feb. 27, 2018) (Habeas petition deemed "premature at best" as it was filed after three months of post-final order detention); *Farah v. U.S. Att'y Gen.,* 12 F.4th 1312, 1332–33 (11th Cir. 2021) (Explaining that "[i]f after six months he is still in custody and has not been removed from the United States, then he can challenge his detention under section 1231(a). But until then, his detention is presumptively reasonable under *Zadvydas*.).

Finally, Petitioner does not face indefinite detention. ICE has scheduled Petitioner's removal from the United States imminently and therefore he will soon be released from custody assuming this Court vacates its Order enjoining his removal. Petitioner's detention is fully permissible and does not violate the Fifth Amendment's Due Process Clause and therefore his claim for release must be rejected.

**C. This Court Lacks Jurisdiction to Interfere with Petitioner's Removal from the United States.**

This Court is without jurisdiction to stay Petitioner's removal as 8 U.S.C. § 1252(g) precludes a district court from staying orders of removal. Section 1252(g) states that "no court

shall have jurisdiction to hear any cause or claim by ... any alien arising from the decision or action by [ICE] to ... *execute removal orders against any alien*." (emphasis added). This provision applies "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title." *Id.* Section 1252(g) is "directed against a particular evil: attempts to impose judicial constraints upon [certain categories of] prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999). Indeed, Petitioner's "requested relief, a stay from removal, would necessarily impose a judicial constraint on immigration authorities' decision to execute the removal order, contrary to the purpose of § 1252(g)." *Viana v. President of United States*, No. 18-CV-222-LM, 2018 WL 1587474, at *2 (D.N.H. Apr. 2, 2018), *aff'd sub nom. Viana v. Trump*, No. 18-1276, 2018 WL 11450369 (1st Cir. June 18, 2018).

Courts within this district, and around the country, routinely hold that they lack jurisdiction to enter an order staying removal based on section 1252(g)'s plain language. *See e.g., Tejada v. Cabral,* 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—be they stays or permanent injunctions—were to be issued by the appropriate courts of appeals."); *Aziz v. Chadbourne*, No. CIV.A.07-11806-GAO, 2007 WL 3024010, at *1 (D. Mass. Oct. 15, 2007) ("[a]ny stay of the final order of removal would squarely interfere with the execution of the removal order."); *Martin v. U.S. Immigration & Customs Enf't,* No. CIV.A. 13-11329-DJC, 2013 WL 3282862, at *3 (D. Mass. June 26, 2013) ("this Court lacks authority to issue a stay of a final order of removal."); *Nelson v. Hodgson*, No. CIV.A. 14-10234-DJC, 2014 WL 2207621, at *2 (D. Mass. May 27, 2014) (the "provisions of the REAL ID Act preclude this court from entering an order staying petitioner's removal."); *Doe,* 2018 WL 4696748,

at *3 (same); *Compere*, 368 F. Supp. 3d 164, 170 (D. Mass. 2019) (same); *Lopez Lopez v. Charles*, No. 12-CV-101445-DJC, 2020 WL 419598, at *4 (D. Mass. Jan. 26, 2020) (same).

Respondents respectfully request this Court vacate its Order staying Petitioner's removal immediately so ICE can effectuate Petitioner's removal order.

## CONCLUSION

For the above reasons, Petitioner's assertion of unlawful detention in violation of statute, regulation, and the Constitution fails. As such, this Court should deny his request for release.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: May 23, 2025              By:     */s/ Mark Sauter*
                                        MARK SAUTER
                                        Assistant United States Attorneys
                                        United States Attorney's Office
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        Tel.: 617-748-3100
                                        Email: mark.sauter@usdoj.gov

## CERTIFICATE OF SERVICE

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  May 23, 2025              By:     */s/ Mark Sauter*
                                        Mark Sauter
                                        Assistant United States Attorney